Good morning. I'm Lamar Peckham, representing petitioner Victor Sandoval-Lua. I've set forth my argument, I think, as best I can in my brief, and I will say this. It appears to me that the government's main argument is that there wasn't sufficient evidence to prove that Mr. Sandoval was convicted merely of transportation and that, therefore, he should have requested his case go back before the immigration judge in order to present additional evidence. But I have a question, a rhetorical question, in that regard, and that is this. Why would he do that? They already decided that transportation, the controlled substance, was an aggravated felony. The Board of Immigration Appeals had already determined that. They hadn't withdrawn that finding. So I think that's why. Well, let me ask something that's maybe not totally rhetorical, if you don't mind. We have a case called, and I want to ask the government, too, Kentley v. Ashcroft, which says you don't take evidence on this at all, period. You have to rely on the judicially noticeable documents, and that's the end of the story. Well, absolutely. But the evidence that we would have had to submit, that the government is saying we should have submitted, wouldn't have been testimony. I mean, obviously, the Board of Immigration Appeals and the government were both improper. Well, you can't say the Board of Immigration Appeals was looking at my client's testimony, but certainly the government was, and they were trying to bootstrap this transportation conviction into an aggravated felony trafficking offense by relying on his honest testimony to the immigration judge, which, as the Court says, is completely improper. It's not evidence that can be used in that. But the government, I think, was saying we should give more evidence from the court record other than the complaint in the abstract of judgment, and there may or may not be additional evidence in the court record of his conviction. But, like I said, why would we do that since they'd already decided that this particular offense, transportation specifically, transportation of a controlled substance, was a drug trafficking aggravated felony? Why would we do that? It would be pointless. And I think, really, that that's the only argument that the government has in this case. And I have to say, just a personal note, this is the most disturbing case I've ever had. I just seem so obvious that someone, at least, is simply trying to have him removed, whatever argument is necessary to do that. But I will say also that, as far as I can tell, the law of the case argument that I made is unique. I didn't find it anywhere in any Board of Immigration Appeals cases, any immigration cases. I really looked but couldn't find it. But I will say that I believe it probably comes under the rubric of due process, a due process violation. Because in this case, certainly, I think if you look at what the Board of Immigration Appeals did, there's a real question about their impartiality and their neutrality. And that is a due process issue under Goldberg v. Kelly, 397 U.S. 254, a 1970 Supreme Court case, and also Peters v. Kiff, 407 U.S. 493, 1972 Supreme Court case. I didn't make a due process argument in my brief because, frankly, I hadn't come across it. I wasn't aware that that probably was the way it should have been. What was the law of the case point that you were? Well, in the first decision that the Board of Immigration Appeals made on the government's appeal of the judge's grant of cancellation, they found, first of all, by necessary implication that he had been specifically convicted of transportation of a controlled That's what the BIA found. So that they made a finding there that he had, by necessary implication, that the government had proven, by clear and convincing evidence, that he had been convicted of transportation of a controlled substance. On the second appeal, and ironically the government argued that he didn't have a right to the second appeal, the government continued to argue that transportation of a controlled substance is a trafficking offense and an aggravated felony under these circumstances because he said it was when he testified to the immigration judge. The Board of Immigration Appeals didn't go back. This is the same case. It's two appeals in the same case to an appellate body. The Board of Immigration Appeals didn't go back and say, we were wrong. This transportation isn't an aggravated felony. And further, he didn't prove that it was transportation. They just said, well, his argument is that we don't know what he was convicted of. It's just this code section. And there are several offenses that he could be guilty of under this code section. But he's just saying, well, you can't tell. Well, wasn't there a record of his conviction that he got a three-year sentence for transporting methamphetamine? He did. Isn't that a drug trafficking offense as a matter of law? What the ---- And transportation isn't punishable under the Controlled Substances Act. But distribution is. Well, many things. A possession for sale is. What are we to make with the Petitioner's testifying before the IGA that he was paid $400 to pick up methamphetamine and own him to be methamphetamine and transport it to another house? Isn't that part and parcel of distribution? Well, those facts, if the Board of Immigration Appeals or even this Court were able to look behind the conviction and look to those statements that he made in front of the immigration judge, if that's what the case law said, that would be ---- he'd be stuck. That would be a transportation aggravated felony drug trafficking offense. But there is absolutely no case that says under any approach, categorical approach, modified categorical approach, any kind of approach, can the Court look at his testimony in front of the immigration judge about what he did and decide what his offense was based on that. There just is no precedent for that whatsoever. So we're tied down to the documents of conviction? Conviction record, unless there's a question about it. But obviously, the government alleged that he was convicted of transportation, not of violation of health and safety code 11379, but of transportation. That's what the notice to appear said. That's what they argued in court. That's what they said his testimony proved, that he was convicted of transportation that was an aggravated felony drug trafficking offense. That's how they appealed the immigration judge's decision. That was the Board of Immigration Appeals' first appellate decision granting the government's appeal, that it was transportation. I'm just ---- the law of the case, I think, so clearly applies here. I can't imagine where else it would apply if it doesn't apply in this case. One appellate body, the same case, no change in facts or the law between its first decision and its ultimate decision, and it simply, without stating that it was withdrawing its earlier factual finding or legal conclusion or anything, just did something else that was totally contradictory. With that, I'll just ---- Do you want to save some time for rebuttal? Yes, please.  Thank you. Mr. Strom. Nice to see you again. Nice to see you. Michael Truman again for the government. Your Honors, let me just go to the aggravated felony issue and perhaps the point that was raised about the fact that when you're looking at aggravated felony for purposes of removability and in the sentencing context, you can't look beyond the conviction documents. There's no case that says you can do that, is there? Right, right. All right. So we have to disregard his testimony. You'd agree with that? For purposes of removability, yes. All right. Our argument is, is this is a different context here. What he was seeking was a, himself, a positive application for relief. And I think it's important to look at the regulation on this. This is in 1240.8, 8 CFR 1240.8, Section D. It says, If there's any evidence that there is a mandatory ground for denial of this application for relief, then it is the petitioner's or the alien's burden of proof, of proving beyond a preponderance of the evidence, that that ground does not apply. Well, this is statutory eligibility. It doesn't mean he gets it, right? He's asking to be eligible for it. Right. He has to establish that component of the statute. Right. But I think the problem with your argument is that every time that we've gotten into any of these constructions under a Taylor, the Taylor analysis, is that the Supreme Court has been very clear that we're not in any context, there's no context in which they've supported an independent hearing to determine what happened in the conviction. What they say is we don't want these. We don't want to establish collateral litigation. We don't want to have people go back and try to prove what happened with this conviction. We don't need a second trial. So we use judicially noticeable documents. Now, there's obviously one can take different views of that, but the Supreme Court through Taylor and through Shepard and through consistently, we've done it with this specific statute. You're urging that we do something that no court has counted before. Well, let me say this, too. Even under the categorical or modified categorical approach, the petitioner has failed to meet his burden of proof in this case, because this statute, 11-379, is divisible. And this statute, as a divisible statute, there is conduct that would constitute a drug trafficking crime and thus an aggravated felony, and there's conduct, if he was charged for it, that would not constitute a drug trafficking crime. It could go either way. He has the burden of proving beyond a preponderance of the evidence, yes, by a preponderance of the evidence of proving that it was not an aggravated felony. These documents are inconclusive. Well, I grant you that he has the ultimate burden of proof on eligibility. I don't think there's much doubt about that. But as to the fact of conviction, I don't think we've ever reversed the burden of proof on that for the government to show through uncontroverted evidence that the convictions existed that qualified. Well, that's, that's another, I mean, what you're trying, it seems to me what you're saying is we're reversing the modified categorical approach, and now you have to show, even though the judicially noticeable documents don't demonstrate it, you have to show that you weren't. Right. That's why I indicated this regulation in the beginning, because in a removability, if he was charged as an aggravated felon, that was why he was going to be removed from the United States. The burden is clearly on the government to show by clear and convincing evidence that he's an aggravated felon. In this case, the government withdrew that charge. And it looks like they withdrew the charge because the documents were inconclusive. But they continued with the controlled substance violation, and that's why he was found removable. Now, he comes in after he's found removable for a controlled substance violation and wants to get cancellation of removal. And if he's seeking relief, and this is the regulation that says, if the evidence indicates that one or more grounds for mandatory denial of relief may apply, the alien has the burden of proving by the preponderance of the evidence that such grounds do not apply. So it was his burden. All you had to do, though, I think, was to say, if you apply the modified categorical approach using the only judicially noticeable documents, that you can't count this. I mean, what you're saying is if the regulation, as you interpret it, means that he's got to put on evidence to what happened, I think that's just directly contrary to what the Supreme Court has told us to do in these cases. Just look at the documents, and they fall one way or another. And in this case, because we've already said the specific statute doesn't categorically qualify, and we've addressed this specifically on numerous occasions, and the judicially noticeable documents just recite the statute, I don't see how you get there. And if you're saying, well, he then has to come back and prove that it doesn't apply, I think that really does turn the Supreme Court's modified categorical analysis on its head, regardless of who has the ultimate burden of proof. I mean, I'm not arguing with you. I'm just kind of. Right. In this case, it's clear that the board did look beyond the documents, because there was testimony that the conduct he participated in would have fit the drug trafficking component of 11379. Yeah. And so it's clear that he looked beyond that. And he looked beyond that in assessing whether the petitioner had met his burden of proof, whether there was sufficient evidence in the record for him to demonstrate that he was not an aggravated felon. But the odd thing is, if you exclude his testimony, he meets his burden of proof. Well, if you exclude his testimony, the documents are unconclusive because it's divisible. But that doesn't necessarily meet his burden of proof. He has to prove that he was not an aggravated felon. If these documents don't prove that he is, they don't prove that he's not. It may be 50-50, but is it 51 percent of proving that he's not? He could have gone like under the Shepherd or under the others and gotten the plea colloquy or the certificate of judgment or something to show conclusively that that's why he wasn't convicted under the trafficking component of this statute. But if we're just looking at the ‑‑ I guess you're losing me, because if you just look at the documents, I mean, the idea of the Taylor analysis is in order to count a conviction for any purpose, you look at the documents, and if they say, yes, this shows that you qualify as a drug trafficking offense or whatever, fine. If it doesn't, it doesn't get counted. But what you're trying to say is, well, if it's inconclusive, now we've got to have the Petitioner come in and show something else, which seems to me just inverts the analysis completely. Yes. I guess our argument is ‑‑ and this is our argument. Our argument is that when the burden is on the alien of showing by a preponderance of the evidence that he was an aggravated felon, it is inverted. That he was not an aggravated felon. Sorry, that he is not an aggravated felon. It is inverted. And he asked if he's faced with a divisible statute such as you termed it, he's got to introduce evidence showing that he falls upon the portion of the statute which makes him not an aggravated felon. Precisely. Yeah. That is, I realize I'm inverting everything. Go ahead, Judge Mayask. Do you have any authority for that novel proposition? No. We realize that it is a novel proposition, and it's novel, but because it's ‑‑ It's creative. It's in a different context. I understand. Like a sentencing context where the burden ‑‑ or the removability context where the burden is clearly on the government to prove such things are an aggravated felon. Right. But analytically, when we just look at whether you count it or not. Whether it constitutes ‑‑ It doesn't, I mean, to me, it doesn't necessarily ‑‑ I'm not sure it makes any difference who has the burden. The question is do you count it or not under the Taylor analysis. The Taylor analysis would say, and our case law would say, you don't count it. And you can't introduce evidence one way or another. I mean, that's ‑‑ I'm going to ponder your theory. I realize that it is novel and that we're taking it ‑‑ we're reversing the categorical analysis. I realize that's a fact. Mr. Truman, let me ask you one question along that line. Are there any documents of conviction that are admissible under Taylor which you know of which this Petitioner did not present as part of his case? No, I do not. It's his burden to prove that he was not an aggravated felon. So what you're saying in answer to the position that Judge Thomas indicated is that we should go outside of Taylor and Shepard and say, in this case, we should take cognizance of evidence which is specifically not cognizable under those cases because of this regulation of ‑‑ that you quoted us. Yeah. Our argument is when the burden goes on the alien to show he's not ‑‑ Regulation trumps the Supreme Court opinions? When the regulation goes ‑‑ shows that he's not, he could have produced judicially like the plea colloquy or something that showed that he was not an aggravated felon. It could have showed conclusively that he was not. That's why I asked you, were there any documents that showed that, that he did not produce? We don't have that in the record, but there are other documents he could have produced. Well, whose documents are there? Well, I presumably there ‑‑ I actually don't know if there was a plea colloquy or something else like that. I don't. So he goes ‑‑ let's play this out. A hypothetical petitioner comes in and he says, I'm not an aggravated felon. Thank you very much. He's satisfied his burden, hasn't he? Because he's testified he's not an aggravated felon. All right. What does the government do? It puts in those documents and the court would say, well, you failed on your burden of rejoinder because it doesn't qualify under the modified categorical approach. And that's the end of it. Right? He's saying he's ‑‑ I'm not an aggravated felon. The government is saying he is. Look at the documents. And then say, well, now you have to prove something beyond the documents. That's the theory? Well, in this case, there's testimony that it was ‑‑ his conduct did fit into the trafficking. Yeah. The regulation talks about the evidence. I realize that your position ‑‑ Oh, go ahead. No, no, I'm just ‑‑ I mean, I understand the frustration that people have all the time in cases where you look at other documents and you say, this conduct fits, whether it's police reports or his testimony here or otherwise. But on a global basis, what the Supreme Court has said is, look, we don't want collateral litigation about what happened 20 years ago. We don't want to have anybody have to prove it, which is fair to the government and fair to the defendant. We're just going to cut it off. And I understand your frustration when you've got his own words sitting out there. But I think that's where we are. At least, I don't know. We don't talk about these cases ahead of time. But it's ‑‑ Yeah, this is our argument. Yeah. That it does reverse in this case. No, it's an interesting one. Thank you very much. I'd just like to make two points. One is that I don't think there's any evidence that the government withdrew the aggregated felony allegations because it weren't ‑‑ the documents didn't prove transportation. I think they withdrew them because they knew transportation was an aggravated felony. And the issue is whether he's been convicted of an aggravated felony. That's the standard required for cancellation or removal under INA 240a sub a, that he has to have not been convicted of an aggravated felony. Not, well, he did something that would be an aggravated felony if he'd been convicted of it. And then last, that the documents ‑‑ I mean, you can understand the government's frustration when he comes in and basically admits to the disqualifying offense. I can. But I also would pose against that that the respondent in an immigration court hearing, he has ‑‑ if he wants cancellation or removal, he's got to tell the truth to the judge. Yeah. If he's not truthful, why would the judge ever want to give him cancellation or removal? But testifying about what he did doesn't necessarily mean that that is the conduct that the superior court rendered its judgment on. Well, let me ask you something about the hearing. And I'm sorry I didn't ask Mr. Truman this, but it appears to me at the hearing, and you represented him at the hearing. I did. The judge says, does your client understand the nature and purpose of these proceedings? Yes. Does he understand his legal rights? Yes. The government has filed an I‑261 charging controlled substance violation. Yes. And looking forward, is the government going forward on the aggravated felony or not? Answer, government, at this time, Your Honor, yes. Now, is that on removability or eligibility or both, to your recollection? I honestly don't recall. They did withdraw the aggravated felony charge. Right. I'm not sure at what point in the proceedings they did that. Yeah, okay. I thought they actually ‑‑ my recollection was that they withdrew it right then. Well, I guess my more global question that I'm just going to have to go back to, because that didn't occur to me until today. Go back to the record. Was there any point where they said, here's what the burden of proof is, here's what you have to show, proceed with your case as you might with a civil trial or a criminal trial? I mean, it looks to me as though they said, here's the charge, what do you have to say about it? Right. About what generally happened. I'm going to let Mr. Truman respond, because it's a different question. Not right now, but once you finish. Is that kind of what happened? No, that never happened anywhere at all. All right. Just one final point. I think the complaint and the abstractive judgment together are conclusive evidence that he was convicted only of transportation. They don't ‑‑ the complaint does not track the statute. It says he was convicted of transportation. Then it states what the code section says. I think that's ‑‑ I don't know how many complaints come before this Court, but I don't think that could be considered tracking the statute. Thank you, Mr. Packin. Thank you. Mr. Truman, I asked a question. I didn't want to ‑‑ although it's unusual, I didn't want ‑‑ I wanted to give you an opportunity to respond to that. Oh, it was the question? The question was whether or not, to your recollection during any of these proceedings, on the burden of proof issue that you raised, did the government proceed first and put in the charge, or did the eligibility ‑‑ When he was seeking his cancellation application? Both. When he was seeking cancellation, do you know what transpired? I can look in the transcript, but I just wanted to know. I can't say off the top of my head whether he said, you know, your burden is to prove X, Y, Z. Right. He obviously knows that it is, because that's where he gets on the stand and testifies why, you know, he meets the hardship standard and all these standards. Okay. We'll just have to ‑‑ But I can't ‑‑ I don't remember exactly what the immigration judge said. We'll check. Okay. No problem. Thank you both for your arguments. The case is here to be submitted.
judges: Goodwin, Thomas, Bea